UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA FEDDERSON, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>COX AUTOMOTIVE CORPORATE SERVICES, LLC,<br>COX AUTOMOTIVE, INC.,<br>COX ENTERPRISES, INC.,<br>KELLEY BLUE BOOK CO., INC., and DOES 2 through 50, inclusive,<br><br>    Defendants. | Case No. 8:24-cv-01322-JWH-JDE<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO ORANGE COUNTY SUPERIOR COURT [ECF No. 19]** |

Before the Court is the motion of Plaintiff Dana Fedderson to remand this action to Orange County Superior Court.¹ The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,² the Court orders that Fedderson's Motion is **DENIED**.

## I. BACKGROUND

In March 2024, Fedderson commenced this action against Defendants Cox Automotive Corporate Services, LLC ("Cox"); Cox Automotive, Inc.; and Cox Enterprises, Inc. ("CEI"); and Doe defendants in Orange County Superior Court.³ He asserts seven employment-related claims for relief:

- age discrimination in violation of the Fair Employment and Housing Act ("FEHA");
- disability discrimination in violation of FEHA;

---

¹ Pl.'s Mot. to Remand Case to Orange County Superior Ct. (the "Motion") [ECF No. 19].

² The Court considered the documents of record in this action, including the following papers: (1) Defs.' Notice of Removal (the "Notice of Removal") (including its attachments) [ECF No. 1]; (2) Compl. (the "Complaint") [ECF No. 1-1]; (3) Motion; (4) Defs.' Opp'n to the Motion (the "Opposition") [ECF No. 20]; (5) Pl.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 22]; (6) Defs.' Obj. to the Reply [ECF No. 23]; (7) Order Re. Motion to Remand [ECF No. 24]; (8) Defs.' Supp'l Opp'n to the Motion [ECF No. 27]; and (9) Pl.'s Supp'l Reply [ECF No. 28]. Although the Court ordered Fedderson to file an Amended Complaint that reflected his best allegations, the Court recognizes that the instant Motion must be "ascertained on the basis of the pleadings at the time of removal." *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017); *see also Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 38, n.8 (2025) (noting that federal jurisdiction determinations related to factual issues, such as citizenship, must be decided based upon the facts and allegations that existed at the time of removal). Accordingly, the Court has not considered the Amended Complaint in connection with the instant Motion.

³ *See* Complaint.

- retaliation in violation of FEHA;
- harassment in violation of FEHA;
- failure to prevent or remedy discrimination, harassment, and retaliation in violation of FEHA;
- interference in violation of the California Family Rights Act ("CFRA"); and
- retaliation in violation of CFRA.[4]

Approximately one week after filing the Complaint, Fedderson filed a notice that he had "discovered the true name" of one of the Doe defendants, and he amended his Complaint to reflect that Defendant Doe 1 is "Kelley Blue Book Co., Inc."[5]

In June 2024, Defendants removed the action to federal court on the basis of diversity jurisdiction.[6] In their Notice of Removal, Defendants asserted that Kelley Blue Book was as sham defendant that Fedderson included as a party defendant in the lawsuit "in an attempt to defeat diversity jurisdiction."[7] To support that assertion, Defendants provided a declaration from a Cox executive in which he testified that Kelley Blue Book does not have any employees and that it had never employed Fedderson.[8]

Fedderson filed the instant Motion in July 2024.[9] Fedderson argues that removal was improper because Kelley Blue Book was his joint employer.[10] In

---

[4] *See generally id.*

[5] *See id.*, Ex. B [ECF No. 1-2].

[6] *See* Notice of Removal.

[7] *Id.* at 5:13.

[8] *See* Decl. of Melanie Lastrapes in Support of Notice of Removal (the "Lastrapes Declaration") [ECF No. 1-7] ¶ 2.

[9] *See generally* Motion.

[10] *See id.*

view of the dispute over whether Kelley Blue Book employed Fedderson, the parties filed various declarations and documents to support their respective positions.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In every federal case, the basis for federal jurisdiction must appear affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).  "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted).  When Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.  *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33.  As such, a defendant may remove a civil action in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331 & 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).  When the litigants are entities, diversity jurisdiction depends on the form of the entity.  *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (finding that an unincorporated association such as a partnership has "the citizenships of all of its members").  Similarly, a limited liability company is a "citizen of every state of which its owners/members are citizens." *Johnson*

-4-

*v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  In contrast, a corporation is a citizen only of (1) the state where its principal place of business is located; and (2) the state in which it is incorporated.  *See* 28 U.S.C. § 1332(c)(1).

The right to remove is not absolute, even when original jurisdiction exists.  In other words, the removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (quotation marks omitted)).  Any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remand.  *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### III.  ANALYSIS

In determining whether complete diversity exists, the court may disregard the citizenship of a non-diverse but fraudulently joined defendant.  *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  "There are two ways to establish fraudulent joinder:  (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Id.*  To establish fraudulent joinder the second way, a defendant must show that the non-diverse defendant "cannot be liable on any theory."  *Id.*  Put differently, "if there is a possibility that a state court would find that the complaint states a cause of action" against the non-diverse defendant, then the federal court "must find that the joinder was proper and remand the case to the state court."  *Id.*  A defendant carries a heavy burden to establish fraudulent joinder, which "must be proven by clear and convincing

evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Here, Defendants argue that Kelley Blue Book was fraudulently joined as a defendant in this action because no court could possibly find that Kelley Blue Book employed Fedderson. To decide whether an employment agreement exists between two parties, the court must "consider the 'totality of the circumstances' that reflect upon the nature of the work relationship of the parties, with emphasis upon the extent to which the defendant controls the plaintiff's performance of employment duties." *Vernon v. State of California*, 116 Cal. App. 4th 114, 124 (2004); *see also St. Myers v. Dignity Health*, 44 Cal. App. 5th 301, 311 (2019) (listing relevant considerations). Additionally, "[a] person who regularly employs less than five other persons is not an 'employer' for purposes of FEHA prohibitions on discrimination." *Reno v. Baird*, 18 Cal. 4th 640, 650 (1998).

Fedderson argues that, under California law, a court could conclude that Kelley Blue Book is liable for violations as his employer because Fedderson provided evidence that (1) Fedderson's supervisor was employed by Kelley Blue Book; (2) Fedderson attended meetings at the Kelley Blue Book office in Irvine, California; and (3) the Kelley Blue Book website indicates that Kelley Blue Book has employees.[11] Defendants, in contrast, provide evidence to rebut each of Fedderson's claims, as well as evidence to show that Kelley Blue Book has not employed anyone since 2010—before Fedderson began working for Cox.

Fedderson overstates the evidence that he has submitted. First, Fedderson's claim that Kelley Blue Book employed his supervisor, Donny Bliven, rests upon Fedderson's own declaration, in which Fedderson testifies that Bliven "was a Senior Manager for Kelley Blue Book while he supervised

---

[11] *See generally* Motion; Reply.

-6-

[Fedderson]."[12] But Fedderson does not provide any basis for that statement, and it is not clear that the details of Bliven's employment were within the scope of Fedderson's personal knowledge. More importantly, Defendants filed a declaration from Bliven, in which Bliven testifies that he "ha[s] never worked for Kelley Blue Book."[13] Defendants also provided a declaration from a Human Resources Business Partner Manager, which further supports that Bliven and Fedderson were employees of Cox, not Kelley Blue Book.[14]

      Second, although Fedderson asserts that he attended meetings at the Kelley Blue Book office in Irvine, California, Defendants clarified that Kelley Blue Book does not own the Kelley Blue Book office because CEI acquired that office in 2010.[15] Employees still "colloquially" refer to the office by its old name, but the office is owned by CEI and used by Cox, not Kelley Blue Book.[16] Defendants' corporate structure supports Defendants' claims,[17] and Fedderson has not provided any reason for the Court to question Defendants' evidence.

      Third, Fedderson misinterprets the Kelley Blue Book website, which indicates that Cox employees help facilitate or perform work related to the Kelley Blue Book brand, not that Kelley Blue Book has employees.[18] Even if that were not true, though, it would still be impossible to conclude that Fedderson

---

[12]     Decl. of Dana Fedderson in Support of the Motion [ECF No. 19-3] ¶ 5.

[13]     Decl. of Donny Bliven in Supp. of the Opposition (the "Bliven Declaration") [ECF No. 20-2] ¶ 1.

[14]     Decl. of Gina Walker in Supp. of the Opposition [ECF No. 20-4] ¶ 2.

[15]     *See* Bliven Declaration ¶ 4.

[16]     *Id.*

[17]     *See* Lastrapes Declaration ¶¶ 1–3 (explaining that Cox is an indirect subsidiary of CEI and that Kelley Blue Book is a subsidiary of AutoTrader.com, Inc., which is also an indirect subsidiary of CEI).

[18]     *See* Decl. of Joshua M. Webster, Ex. C [ECF No. 19-2].

was one of Kelley Blue Book's employees. As reflected in his pay stubs, Fedderson's salary was paid entirely by Cox, not Kelley Blue Book.[19] Fedderson did not list Kelley Blue Book as his employer in his initial Complaint, nor include Kelley Blue Book in his requests for workers' compensation, nor include Kelley Blue Book in his Department of Fair Housing and Employment complaint.[20]

In view of the evidence that the parties have submitted, it would be impossible for a court to conclude that Kelley Blue Book had any control over Fedderson's employment. Kelley Blue Book did not pay Fedderson's salary, provide him with benefits, give him equipment, train him, or exercise any authority over Fedderson. See *St. Myers*, 44 Cal. App. 5th at 311. Nor did Fedderson believe that he was employed by Kelley Blue Book, as he did not even identify Kelley Blue Book as his employer until after he filed this action. Indeed, because Defendants have provided clear evidence that Kelley Blue Book does not have any employees, no court could possibly conclude that Kelley Blue Book qualifies as an employer under FEHA. See *Reno*, 18 Cal. 4th at 650.

Accordingly, Fedderson's instant Motion is **DENIED**.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Defendant Kelley Blue Book Co., Inc. is **DISMISSED** as a sham defendant.

2. Fedderson's instant Motion to remand is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 28, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[19] See Notice of Removal, Ex. F [ECF No. 1-6].

[20] See generally Complaint; Decl. of Deborah Urzua [ECF No. 20-3].